PEOPLE, PLAINTIFF AND APPELLEE, *v.* AYUSO, DEFENDANT AND APPELLANT.

APPEAL from the District Court of Humacao in a Prosecution for Aggravated Assault and Battery.

No. 1172.—Decided June 14, 1917.

AGGRAVATED ASSAULT AND BATTERY—ASSAULT UPON PUBLIC OFFICER—INFORMA-TION.—In an information charging assault and battery with a stone upon a policeman while he was making an arrest, it is not necessary to allege, for the purpose of charging the commission of the crime, that· upon being struck the assailed fell to the ground, although that fact shows the serious-ness of the assault; but in order that the crime may be classified as ag-gravated assault and battery it is indispensable to allege that the assailed was a public officer, consequently a motion to strike out this allegation of the information will not be sustained.

ID.—EVIDENCE.—When the trial court adjusts the conflict in the evidence by giving credence to the witnesses for the prosecution its findings should prevail, unless it is shown that the court was influenced by passion, prejudice, or partiality or committed manifest error.

The facts are stated in the opinion.

*Mr. Manuel Rodríguez Serra* for the appellant.

*Mr. Salvador Mestre, fiscal,* for the appellee.

MR. JUSTICE DEL TORO delivered the opinion of the court.

The district attorney of Humacao charged Rómulo Ayuso with aggravated assault and battery in that he wilfully, un-

lawfully and maliciously assaulted and struck Julio Castilla, Chief of Insular Police of the District of Humacao, with a stone while he was making an arrest on the night of December 24, 1916, in Yabucoa, knowing that the said Castilla was such public officer.

The defendant moved to strike from the information the allegations that Castilla fell to the ground when struck with the stone and that he was a public officer. The motion was overruled. In point of fact, the first allegation was not necessary. In order to constitute the crime it was not essential that the victim of the assault should have fallen to the ground as a result of the blow. Nevertheless, the said fact shows the gravity of the assault. The second allegation of the information was indispensable in order to show that the crime was one of aggravated assault and battery, as charged by the district attorney. If that fact had not been alleged in the information, the defendant could have been prosecuted only for simple assault and battery. In *People* v. *Rivera,* 23 P. R. R. 389, this court said: "When a charge of aggravated assault and battery is made, some of the aggravating circumstances enumerated in section 6 of the Act of 1904 defining and punishing aggravated assault and battery (Acts of 1904, p. 48) must be specified clearly in the information." See *People* v. *Marini,* 22 P. R. R. 10.

The appellant contends that the court erred in weighing the evidence and that the judgment is not sustained by the evidence.

An examination of the statement of the case discloses the fact that it was clearly proved that the police officer, while in uniform and engaged in the arrest of a person in one of the streets of a town of the Island, was struck a violent blow in the face with a stone. The participation of the defendant was proved by the testimony of José R. Nadal, a youth sixteen years old, who, throughout the long examination to which he was subjected, never changed his statement that Rómulo Ayuso threw the stone at the police officer and in-

flicted the blow which knocked him down. The defense introduced evidence tending to show that neither Ayuso nor Nadal was present at the place of the occurrence. The trial court adjusted the conflict by giving credence to the testimony of Nadal and as there is nothing to show that it was influenced by passion, prejudice, or partiality or that it committed manifest error, its finding must prevail.

The judgment appealed from is

*Affirmed.*

Chief Justice Hernández and Justices Wolf, Aldrey and Hutchison concurred.